IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MARK BRAMLETT, | * | |
| Petitioner, | * | |
| | | CASE NO. 4:07-CV-90025 CDL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 4:06-CR-04 CDL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Indictment returned in this court on February 22, 2006, charged Petitioner Bramlett with Possession of More Than 50 Grams of Methamphetamine With Intent to Distribute in violation of 21 U.S.C.§ 841(a) and, as Count II, Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C.§ 922(g) and (f). (Doc. 1). Bramlett was arraigned on March 27, 2006. (Doc. 20). He filed a Motion To Suppress on May 18, 2006. (Doc. 27). On August 3, 2006, Petitioner Bramlett filed his Amended Motion To Suppress. (Doc. 41). His Motion, as amended, was denied on August 14, 2006, and, at the same time, his case was set for trial to begin on September 5, 2006. (Doc. 43). He was tried and found guilty on Count I on September 11, 2006, and the Government dismissed Count II. (Doc. 50). Bramlett was sentenced on January 24, 2007, to a term of imprisonment of 121 months. (Doc. 64). None of these facts are disputed by either party.

Petitioner Bramlett timely appealed his conviction and sentence, which was affirmed by the United States Court of Appeals for the Eleventh Circuit on August 29, 2007. (Doc. 78). The Circuit Court concluded in its decision that the district court properly denied Bramlett's motion to suppress. *Id.* On December 5, 2007, and on March 27, 2008, Petitioner Bramlett filed petitions for the redress of grievances in the district court, which the parties concede are correctly treated as a timely Motion

To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 78, 83).

New counsel was appointed to represent Petitioner Bramlett in his § 2255 motion and hearing. (Doc. 84). Hearing counsel amended Petitioner's Motion to plead ineffective assistance of trial, sentencing, and appellate counsel. (Doc. 94).

## Discussion of Petitioner's Claims

**1.** As his PART ONE to his Motion To Vacate, Set Aside, or Correct Sentence, as contained in his Document 79 at 2-6, Bramlett alleges a violation of the Speedy Trial Act and includes a Trial Calendar calculation showing a total of 162 days from his arraignment date until the inception date of his trial, excepting therefrom 13 days from the filing of his Motion To Suppress (Doc. 27) on May 18, 2006, until the Government filed its Response thereto on June 1, 2006 (Doc. 32). Bramlett concludes, without any statement of authority, that, "[T]hose 13 days are excludable." *Id.* at 3.

The court must agree that those 13 days are indeed excludable under 18 U.S.C.§ 3161(h)(1), which provides:

> The following periods of delay shall be excluded ... in computing the time within which the trial of (an indicted offense) must commence:
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

However, the statute does not make the date of response by the Government the end time for the excludable event. Bramlett cites, as his authority on this issue, *United States v. Foster,* 836 F.2d 856, 859 (5th Circuit, 1988), quoting, "The Supreme Court has made clear that when a motion is presented to the trial court, the court has 30 days to enter its ruling. 18 U.S.C.§ 3161(h)(1)(F),(J). *Henderson v. United States,* 476 U.S. 321, 106 S.Ct. 1871 (1986).". (Doc. 79 at 5). Petitioner

2

Bramlett has placed undue limitation on the *Henderson* ruling. In its opinion, the Court stated:

> The Speedy Trial Act, 18 U.S.C.§ 3161 *et seq.* (1982 ed. and Supp. II), as amended in 1979 and in 1984, commands that a defendant be tried within 70 days of the latest of either the filing of an indictment or information, or the first appearance before a judge or magistrate. Section 3161(h)(1)(F) excludes from this time "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or the prompt disposition of, such motion."

*Henderson,* 476 U.S. at 322. The Court held that, "Congress intended subsection (F) to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.' " *Id.* at 330.

Citing *Henderson,* 476 U.S. at 327-28, and *United States v. Davenport,* 935 F.2d 1223, 1228 (11th Cir. 1991), the United States Court of Appeals for the Eleventh Circuit explained in *United States v. Dunn,* 345 F.3d 1285 (11th Cir. 2003), the interactions of the various provisions of the Speedy Trial Act, stating as follows:

> For motions that require hearings, § 3161(h)(1)(F) excludes all time between the filing of the motion and the conclusion of the hearing at which it is addressed. This entire period is excluded from the speedy trial clock and is not subject to review regarding its reasonableness. Once the hearing is concluded, the motion is treated exactly like a motion for which no hearing is required. If the court has all materials necessary to rule on the motion, the court is deemed to have taken the motion under advisement immediately following the hearing and § 3161(h)(1)(J) permits no more than thirty additional days to be excluded.

*Id.* at 1292. Petitioner Bramlett's Motion To Suppress filed on May 18, 2006, was amended on August 3, 2006, after the Government had filed a Response, but before the court had held a hearing on the motion. (Doc. 41). Apparently, Bramlett felt that the court did not have all necessary

3

materials before it, inasmuch as he filed his Amended Motion To Suppress on August 3, 2006. The court heard and denied Petitioner's Motion To Suppress and his Amended Motion To Suppress on August 14, 2006, and Petitioner's trial began on September 5, 2006, with jury voir dire. (Doc. 43). Pursuant to the holding of *United States v. Dunn,* 345 F.3d 1285 (11th Cir. 2003), and its reliance upon *Henderson v. United States,* 476 U.S. 321, 106 S.Ct. 1871 (1986), all of the time beginning with the date of Petitioner's filing of his Motion To Suppress on May 18, 2006, and including the court's ruling thereon on August 14, 2006, is time excludable from the 70-day period allowed for trial in the Speedy Trial Act. *See United States v. Twitty,* 107 F.3d 1482, 1487-88 (11th Cir. 1997) (the excludable period includes the day the motion was filed and the day it was decided).

The 70-day Speedy Trial period began on March 28, 2006, the day after Petitioner Bramlett was arraigned. This date is not contested, inasmuch as Petitioner counts only the elapse of four (4) days in March 2006. (Doc. 79 at 2). The running of the 70-day period was tolled with the filing of Petitioner's Motion To Suppress on May 18, 2006, fifty-two (52) days having elapsed at that time. As noted above, the court denied Petitioner's Motion To Suppress and his Amended Motion To Suppress on August 14, 2006. Pursuant to the authority cited above, this entire period of time was excludable from the 70-day period, of which 18 days remained after August 14, 2006. Petitioner's trial was started on September 5, 2006, the fourth day after the expiration of the 70-day period provided in the Speedy Trial Act, with all excludable time fully calculated. It must also be noted that Saturday, September 2nd, Sunday, September 3rd, and Monday, September 4, 2006, were the National Labor Day holiday weekend.

In *United States v. Dunn,* 345 F.3d 1285, 1296 (11th Cir. 2003), the Court ruled:

> The Supreme Court has identified four basic factors that courts should

4

> consider in determining whether a defendant has been deprived of his constitutional right to a speedy trial: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant. *See Barker v. Wingo,* 407 U.S. 514, 530-32, 92 S.Ct. 2182, 2192-93 (1972). As we have noted, the Court explained in *Barker* that "[t]he first factor serves a triggering function; unless some 'presumptively prejudicial' period of delay occurred, we need not conduct the remainder of the analysis." *United States v. Register,* 182 F.3d 820, 827 (11th Cir. 1999) (citing *Barker,* 407 U.S. at 530, 92 S.Ct. At 2192). ... A delay is considered presumptively prejudicial as it approaches one year. *See Doggett v. United States,* 505 U.S. 647, 651-52 & n. 1, 112 S.Ct. 2628, 2690-91 & n. 1 (1992). ... [W]e are mindful that " '[i]n this circuit, a defendant generally must show actual prejudice unless the first three factors ... all weigh heavily against the government.' " *Register,* 182 F.3d at 827 (quoting *Davenport,* 835 F.2d at 1239).

At the evidentiary hearing on his § 2255 Motion, Petitioner Bramlett testified that the first and only mention of the Speedy Trial Act was when he mentioned to his appellate counsel that he "had concerns with it," but there was no further discussion about it. (Doc. 99 at 79, 80). According to Petitioner's Post Hearing Brief, counsel stated that, in Petitioner's Amended Motion To Suppress on August 3, 2006 (Doc. 83), Petitioner Bramlett "included additional, supplementary, allegations in support of his already-presented ineffective assistance of counsel claim," relative to the Speedy Trial issue. *Id.* at 2.

Petitioner has failed to allude to any actual prejudice, presumptive or otherwise, that was suffered to his constitutional right to a speedy trial. The four-day delay, three days of which were the Labor Day holiday weekend, is not presumptively prejudicial. While the days after the 70-day period cannot to be considered as excludable time under the Speedy Trial Act, they are subject to consideration for purposes of determining the cause for the delay and lack actual prejudiced to Petitioner's rights. No presumptively prejudicial period of delay being shown, the court need not

5

conduct the remainder of the *Barker* analysis. However, an additional consideration in regard to the length of the delay is that the court used only 11 days of the 30 days allowed pursuant to 18 U.S.C.§ 3161(h)(1)(H) after the hearing on Petitioner's Motion to render its decision. This fact also goes to a consideration of whether Petitioner actually suffered any prejudicial violation of his Speedy Trial right.

Moreover, the claim raised by Petitioner Bramlett in this motion is that his trial attorney was ineffective for not having moved the court for dismissal under the Speedy Trial Act. To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chatelain v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Florida Department of Corrections*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different. *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000), and *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000).

Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984).   The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992).

Petitioner cannot show that his counsel's conduct resulted in any prejudice to him, or that no other attorney would not have acted exactly as Petitioner's trial attorney did in this respect.  Also, having failed to show prejudice, actual, presumptive, or otherwise,  Petitioner's claim lacks merit and should be denied.

**2.**  Additionally, Petitioner's counsel claims in his Post Hearing Brief (Doc. 101 at 3) that, "[N]either in its First Answer, nor in its Second Answer, did the Government deny the ineffective assistance of counsel allegations based on trial counsel's failure to properly assert the Defendant's rights under the Speedy Trial Act." Counsel contends that the Government's failure to deny Petitioner's faulty claims of violation of the Speedy Trial Act and the ineffective assistance of Petitioner's counsel regarding the alleged violation of the Speedy Trial Act, effects an admission of Petitioner's PART ONE claim under Rule 5(b) and Rule 12 of the Rules Governing Section 2255 Cases,

7

in conjunction with Fed. R. Civ. P. 8(b)(6). As counsel points out, a similar argument has been rejected in *Tarver v. United States,* 2009 WL 62445 (M.D. Ga. January 8, 2009). Moreover, counsel's argument, if sustained, would work a default in a habeas corpus case, and, "Default judgment is not contemplated in habeas corpus cases." *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1989). This claim is without merit and should be also be denied and dismissed.

**3.** Petitioner concedes in his Post Hearing Brief that his Part Two claim contained in his § 2255 Motion, Document 79 at 10, that the court was without Constitutional authority to "delegate the duties of conducting Arraignment to the Magistrate Judge," was without merit. (Doc. 101 at 1).

**4.** In Petitioner's PART THREE, Redress of Grievances (Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255), an amendment filed on March 27, 2008 (Doc. 83-2), Bramlett states four Grounds of ineffective assistance of trial counsel and a fifth Ground of ineffective assistance of appellate counsel in eight separate contentions.

Petitioner's Part Three, Ground One alleged that:

> Counsel failed to move the Court for a "Franks Hearing" that would have established that (a) the Affiant presented "False and Misleading" statements in the Search warrant affidavit; (b) the Affiant was aware of the false statements; and (c) the Affiant omitted other material information from the affidavit.

As stated heretofore, an evidentiary hearing was held to address this and other of Petitioner's § 2255 conclusory claims of law and fact. The only "evidence" adduced at the hearing relative to a "Franks Hearing" appears in the hearing transcript (Doc. 99) at page 84 where Petitioner's counsel asked Petitioner:

> Q. Did you in conjunction with your appeal discuss the various concerns, such as speedy trial, Franks hearing, et cetera, with Mr. Mason?

>A. Yes, sir. There's – – in the brief that I filed, there's exhibits with the letters that went along with certified mail receipts to show that I did send them to him, along with everything else to address those issues, and like I said, as Mr. Mason pointed out, he said – – he read the transcripts, and there were no issues to raise.

*That* was the sum total of Petitioner Bramlett's "evidence" in support of his claim of ineffective assistance of trial counsel's treatment on the subject of a Franks Hearing. Both his claim and the "evidence" in regard thereto are completely conclusory. "Conclusory claims are not cognizable and therefore do not merit consideration." *State v. Jones,* 614 F.2d 80 (5th Cir. 1980). "Conclusory allegations of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992).

Petitioner's Part Three, Ground Two claim alleges:

>Counsel failed to raise Fourth Amendment violation where as, the local Government brought along a 3rd party while conducting search (ie:) (sic) The Columbus Ledger Enquirer (Media). While conducting Search of Defendant's home, Police allowed the Media inside to take pictures, and Video. In fact detective, Memo, the case agent, and affiant pre-arranged the Media to meet agents there knowing this was in violation of the Fourth Amendment.

Petitioner Bramlett did not support this claim of a Fourth Amendment violation with any citation of authority, nor fact showing his contention to be true, nor did he supplement the factual conclusions in this claim with any brief or Memorandum of Evidence. Moreover, he did not pursue this claim at his evidentiary hearing, nor did he pursue this issue at all in his Post-Hearing Brief. The full extent of Petitioner Bramlett's attention to this issue is found in the transcript of his evidentiary hearing (Doc. 99) at page 81, as follows:

>Q. Did you and Mr. Kirby discuss your concerns about the media presence at the search?

9

A. Actually the media presence was only brought in at trial. It was never, never brought up at the suppression hearing or anything. It was - - Mr. Kirby introduced it at trial in reference - - he brought the picture that was taken on the inside of the home in reference to show how close everyone was to the detective that was supposedly interviewing me, and he did that to characterize how close everybody was, surely somebody would have heard the comments made is - - I believe, is the way he brought it into trial.

Petitioner's evidence, and the lack thereof, fails to establish any deficiency on the part of trial counsel, Kirby, or any prejudice to the Petitioner's case. This matter was not sufficiently pursued at hearing to show by competent evidence any rights violation whatsoever. This claim of ineffective assistance of counsel is therefore without merit. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984).

In his Part Three, Ground Three claim, Petitioner asserts:

> Counsel failed to demand the Government to produce evidence pursuant to F.R.C.P. 16(a). This omitted evidence was the alleged basis for probable cause (ie:) (sic) Tape recorded call arranging buy, photo copied buy money, and recorded tape of the transaction itself. Further counsel did not object when this omitted evidence was testified to as fact at Trial, therefore Due Process was violated.

(Doc. 82-2 at 6). Respondent answered the foregoing claim by pointing out that Petitioner had not been charged with selling methamphetamine, but rather with possession of same, and, moreover, that the discovery, which Petitioner Bramlett contends above was withheld, was in fact furnished to counsel. *See* Doc. 99 at 42-46; Government's Exhibits 1 and 2. The hearing evidence simply demonstrated that Bramlett was mistaken about this claim and the matter was not pursued thereafter by his hearing counsel. There is no merit in Petitioner Bramlett's Part Three Ground Three claim.

Petitioner Bramlett contended as his Part Three Ground Four claim that:

> Counsel failed to move the Court to bring to trial the C.I. (Ronnie Griffin) who was the only witness of the alleged transaction thus denying the Defendant his Sixth Amendment right of Confrontation.

During trial counsel's testimony at the § 2255 hearing, it was established that the informant referenced by Petitioner Bramlett was neither called as a witness by the Government nor defense counsel, but that, nonetheless, defense counsel attacked the C.I.'s character and credibility in closing argument at trial, concluding also that the informant would not have "added to the defense," and that, as a matter of trial strategy, counsel "thought it was better to explain about him not being there than to have him there" to further incriminate his client. *See Hearing Transcript,* Doc.99 at 42, 43.

The court cannot conclude that trial counsel's trial strategy was deficient or that the presence of the C.I. as a witness would have changed the outcome of Petitioner's trial. There is no merit in this claim.

At hearing, Petitioner Bramlett, to the largest extent, devoted the bulk of his ineffective assistance of counsel claim to his trial counsel's failure to address the "safety valve" provisions of U.S.S.G. § 2D1.1(b)(11). That Guideline provision provides as follows:

> If the defendant meets the criteria set forth in subdivision (1)-(5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentence in Certain Cases), decrease by 2 levels.

As shown heretofore, Petitioner Bramlett was convicted of Possession of More Than 50 Grams of Methamphetamine With Intent to Distribute in violation of 21 U.S.C.§ 841(a) and (b)(1)(A)(viii), which offense carried a mandatory minimum sentence of 120 months imprisonment. U.S.S.G. § 5C1.2(a) provides:

> ... in the case of an offense under 21 U.S.C.§ 841 ..., the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C.§ 3553(f)(1)-(5) set forth below:
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before applicaton of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of

11

>      Criminal History Category);
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C.§ 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Trial attorney Kirby's recollection of Petitioner's trial, which occurred more than two years prior to the § 2255 evidentiary hearing, was inexact to say the least.  However, the court must note that Mr. Kirby, recent to the hearing, had had cancer surgeries and was, in fact, undergoing chemotherapy treatments at the time of the hearing.  His recollections of his representation of defendant were understandably vague, at times.  However, he testified with certainty that at no time did Petitioner Bramlett desire to admit the charges against him and enter any plea of guilty, rather "it was his desire to maintain his innocence throughout." *See Transcript,* Doc. 99 at 47.  Counsel did not recall discussing the *safety valve* feature of U.S.S.G. § 5C1.2(a), but the evidence does not necessarily indicate that Bramlett would have qualified for a *safety valve* reduction.  First, despite the fact that the Government dismissed the firearm charge contained in the indictment as Count II, because there had been a misidentification of serial number on a firearm taken along with the

contraband at Petitioner Bramlett's residence, the fact remains that there was a firearm involved with the methamphetamine possession offense. Trial Counsel Kirby testified:

> As I recall, there were two firearms seized at the time of the search and seizure, and there was – as I recall, there was a Count in the indictment concerning one of the firearms, but that was dismissed, I believe on an *allegata et probata* problem.

*Transcript,* Doc. 99 at 27. Petitioner Bramlett has not shown that, even if counsel had raised the issue of *safety valve* application, the court would have found that Bramlett qualified for the sentence reduction, and this court cannot now find that counsel's conduct was either deficient or that any other conduct would have resulted in any different outcome.

Petitioner's Part Three Ground Five claim to his § 2255 Motion asserts ineffective assistance of appellate counsel, as follows:

> Defendant's Trial Attorney was terminated by Judge Land on a Motion by Defendant. See Docket Text at #52 Motion for new trial based on ineffective assistance of counsel. ... Counsel was Ineffective where he failed to raise on Appeal the following issues:
>
> 1). Trial Judge erred when he denied Bramlett's Motion To suppress evidence that was obtained from Bramlett's residence pursuant to a search warrant.[1]
>
> 2). Trial judge erred when he allowed testimony and evidence at trial that was not presented at Grand Jury.[2]
>
> 3). Defendant's 4th Amendment was violated when police brought along the Media when they executed the search warrant.

---

[1] The validity of the search warrant was the primary issues raised on direct appeal, to which the Court of Appeals for the Eleventh Circuit ruled that, "[T]he district court did not err in denying Bramlett's moton to suppress the evidence found in the search of his residence." (Doc. 78-2). The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981). "Once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255." *United States v. Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000).

[2] Petitioner cites no authority for this claim of error and none is found holding such procedure to be error.

13

4). The Government failed to honor its discovery motions requirements pursuant to Rule 16(a) Federal Rules of Criminal Procedure.³

5). The Prosecutor did knowingly use False and Misleading statements.

6). The Prosecutor did go outside the evidence during Closing Arguments.

7). Trial Judge erred when he so far injected himself into the trial as to give the jury the impression that he favored the Prosecution, thus depriving the Defendant (of) a fair trial.

8) Trial Judge erred in his fact finding, in reference to alleged statements made by Defendant, and failed to suppress.

Petitioner Bramlett has failed to come forward by brief or evidence at hearing to support the factual or legal contentions made in claims numbers 3), 5), 6), 7), or 8), in his Part Three Ground Five.  These matters are too vague and conclusory to constitute valid claims upon which this court might grant relief.  "Conclusory allegations of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Bramlett's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be denied.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 18th day of May 2009.

**S/ G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**

---

³The undersigned has shown at page 10 above that the Government established at the § 2255 hearing that it had in fact complied with its discovery obligations, contrary to Petitioner's present contention.

14